UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE LAVI ON BEHALF OF TURBO DYNAMICS CORPORATION,<br><br>                    Plaintiff,<br><br>-against-<br><br>SONELGAZ GROUP OF COMPANIES, et al.<br><br>                    Defendants. | 22-CV-7514 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Pierre Lavi, who is proceeding *pro se*, brings this action on behalf of himself and

Turbo Dynamics Corporation. By order dated September 14, 2022, the Court granted Plaintiff

request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons

set forth in this order, the Court dismisses the action, but grants Plaintiff 30 days' leave to

replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Pierre Lavi, who resides in Huntington, New York, in Suffolk County, brings this
action on behalf of himself and Turbo Dynamics Corporation. He identifies himself as the
President of Turbo Dynamics and brings claims against the Sonelgaz Group of Companies;
National Bank of Algeria in NY City; "OO Cit Bank" NY Office; Deutsch Bank Trust Company
in NY; and two residents of Algeria − Nabil Kafi and Sabri Lezhari. (ECF 2, at 1.) Plaintiff seeks
money damages.

Plaintiff submits his complaint in the form of a letter to the Court. He begins the

submission with the following statement.[1]

> The undersigned, Pierre Lavi President of Turbo Dyanics Corporation prose
> certifies that the abobe listed parties may have a pecuniary interest in the outcone
> of this case, these representaion are made to enable the court to evaluate possible
> criminal acts or misconduct of any of the aboive persons or enteties about the
> harm all damages sustained by undersigned and my company, Turbo Dynamig
> Corporation both in NY and Los Angles name the Colonial Group LLC.

(*Id*.) Plaintiff continues with these assertions:

> The above persons or their entetites are sued for at least one million or final
> decision of the Honorable Court.
>
> Dollars simple because the owners of Turbo Dynamics Corporation or the
> Colonial Group were Jewish and did not pay bribe.
>
> Turbo Dynamics Corporation had already been sued in Algeria by two companies
> as a parts of the Sonelgas Group of Companies named MEI and SPE, the amount
> of our losses would be at least one hundred million dollars or as decided finally
> by this Honorable court, a copy of this law suit is goiing to be sent to Algerien
> Embassy in Washington DC 2118 Kalorama Rd NW Washingto DC 2008 Tel No
> 2022652800
>
> According to all documents even ministry of electricity and water the head of
> Sonatrach and Sonelgas, first fourt largest producers and sellers of oil and natural
> gas the second having 63000 empoylees had already been sued for bribery, based
> on all rule in United States none of the above entitities or banks are subject to any
> immunity.

(*Id*. at 1-2.)

Plaintiff attaches to the complaint three documents addressed to "Parviz Lavi," a name

that Plaintiff uses. (*Id*. at 3-5.) The documents are: (1) a notice of approval from the Town of

Huntington Assessor's Office of Plaintiff's application for a partial senior citizen property tax

exemption; (2) a utility bill from National Grid; and (3) a final termination notice of electricity

---

[1] Plaintiff writes in all capital letters. For readability, the Court uses standard
capitalization when quoting from the complaint, but all other grammar, punctuation, and spelling
are as in the original.

from PSEG Long Island. Plaintiff may have submitted these documents in support of his IFP application.

## DISCUSSION

### A.     Plaintiff fails to comply with Rule 8 pleading requirements

Plaintiff's complaint does not satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief as required by Rule 8, or include any facts suggesting that any defendant violated his rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff essentially asserts that Defendants unlawfully harmed him and his company, Turbo Dynamics, but the complaint contains no facts about what occurred or why Plaintiff or Turbo Dynamic is entitled to relief. Because Plaintiff does not articulate a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Claims on behalf of Turbo Dynamics

Even if the Court could discern the claims Plaintiff tries to assert, the complaint suffers from other deficiencies. Plaintiff purports to bring this complaint on behalf of himself and Turbo Dynamics. However, the statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se*

[because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d

at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations,

and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's*

*Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

 Plaintiff does not allege that he is an attorney, and he does not allege that Turbo

Dynamics is a sole proprietorship. The Court therefore dismisses without prejudice any claims

that Plaintiff asserts on behalf of Turbo Dynamics and treats this action as having been brought

by Plaintiff, individually.[2]

## C. Subject Matter Jurisdiction

 Plaintiff brings this action alleging that Defendants caused harms but he does not specify

the jurisdictional basis of this action. Even when read with the "special solicitude" due *pro se*

pleadings, *Triestman*, 470 F.3d at 475, Plaintiff does not establish that the Court has subject

matter jurisdiction of this action to consider any claims he may be asserting on his own behalf.

 The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny

party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether

the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local*

---

[2] Plaintiff has been advised in prior actions that, as a non-attorney, he cannot bring claims on behalf of corporate entities, including Turbo Dynamics. *See, e.g., Lavi et al. v. DWS*, No. 22-CV-7501 (LTS) (S.D.N.Y. Oct. 7, 2022) (ECF 4) (explaining that "a *pro se* plaintiff cannot represent a corporation, even if he is the sole member or shareholder of that corporation"); *Lavi v. Bank Negara Indonesia*, No. 22-CV-6000 (VSB) (S.D.N.Y. Sept. 20, 2022) (ECF 6) ("Plaintiff purports to bring this complaint on his own behalf and on behalf of his company, Turbodynamics Corporation. As a pro se litigant, however, Plaintiff cannot act on behalf of another.").

*919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)

(quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d

Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter

delineations must be policed by the courts on their own initiative."). "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

P. 12(h)(3).

1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking

federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81

F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not assert any federal claims, and a review of the limited facts set forth in

the complaint do not implicate a federal cause of action. It thus appears that the Court does not

have federal question jurisdiction of this matter.[3]

_____

[3] Plaintiff requests that the Court evaluate "possible criminal acts or misconduct" committed by Defendants. The Court notes that Plaintiff cannot initiate the prosecution of federal charges against an individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot obtain an order directing prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal

Case 1:22-cv-07514-LTS   Document 4   Filed 02/08/23   Page 7 of 20

2.      Diversity Jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action either. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not plead any facts suggesting that the amount-in-controversy requirement is satisfied. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

---

actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Here, Plaintiff seeks at least one million dollars in damages for alleged losses, but he does not allege any facts about what occurred, how the losses were incurred, or why Defendants should be held liable. Plaintiff fails to allege facts plausibly suggesting that he has suffered any damages amounting to the one million dollars he seeks from Defendants..

Plaintiff does not plead facts about the citizenship of each party. For purposes of diversity jurisdiction, a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos,*157 F.3d at 948. The diversity statute provides for jurisdiction of an action between citizens of different States in which subjects of a foreign state are additional parties, § 1332(a)(3), but diversity is defeated where there are aliens on both sides of the litigation. *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (citing *Int'l Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989)); *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, No. 14-CV-7082 (PAE), 2015 WL 5737565, at *7 (S.D.N.Y. Sept. 30, 2015) (When a party is an alien for diversity purposes, "diversity i[s] . . . defeated if another alien party is present on the other side of the litigation.").

Plaintiff names himself, both individually and as President of Turbo Dynamics, as the plaintiff in this action. Plaintiff provides an address for himself in Suffolk County, New York, but

he does not indicate whether he is domiciled at the Suffolk County address.[4] In addition, it is

unclear from the allegations in the complaint whether Plaintiff has United States citizenship. If

Plaintiff is an alien, he cannot sue foreign entities and citizens under the Court's diversity

jurisdiction because there would be alien parties on both sides of the litigation. *Franceskin*, 214

F.3d at 258 ("[E]ven if a corporation organized under the laws of a foreign nation maintains its

principal place of business in a State, and is considered a citizen of that State, diversity i[s]

nonetheless defeated if another alien party is present on the other side of the litigation.");

*Corporacion Venezolana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)

("'[T]he presence of aliens on two sides of a case destroys diversity jurisdiction,' just like the

presence of two citizens of the same state.").[5]

Further, the complaint does not provide any factual detail concerning the corporate

defendants Plaintiff sues − Sonelgaz Group of Companies, National Bank of Algeria, "OO Cit

Bank," and the Deutsch Bank Trust Company − that would enable the Court to determine the

entities' citizenships. Nor does the complaint provide any facts about the two individuals

Plaintiff sues − Nabil Kafi and Sabri Lezhari − except that they are residents of Algeria.

---

[4] The Court also notes that Plaintiff has not alleged any facts suggesting that venue lies in this district. *See generally* 28 U.S.C. § 1391. Suffolk County is in the Eastern District of New York. 28 U.S.C. § 112(c). The facts alleged in the complaint do not suggest that any part of the events giving rise to this action took place within this district, § 1391(b)(2), or that venue is proper in this district based on the residence of the parties, § 1391(b)(1). If Plaintiff amends his complaint, and if the facts alleged therein show that venue is improper, the Court can transfer the action to any district in which it might have been brought. *See* 28 U.S.C. §§ 1404, 1406.

[5] Even if Plaintiff is a legal permanent resident in the United States and therefore, under § 1332(a)(2), is deemed to reside in the State where he is domiciled (New York), "section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020); *see also*, *One World, LLC v. Onoufriadis*, No. 20 CIV. 5802 (CM), 2021 WL 184400, at *13 (S.D.N.Y. Jan. 19, 2021), *aff'd*, No. 21-374-CV, 2021 WL 4452070 (2d Cir. Sept. 29, 2021) ("A lawful permanent resident domiciled in a state is not a citizen of that state – he is an alien for purposes of diversity jurisdiction.").

Because Plaintiff does not allege facts suggesting that any claims he may be able to plead plausibly would satisfy the $75,000.00 amount in controversy or that diversity of citizenship is complete, the Court does not have diversity jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this time that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff 30 days' leave to allege any facts suggesting that he has any claims on his own behalf of which the Court has subject matter jurisdiction.

Plaintiff is granted 30 days' leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.[6]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. The Court cautions Plaintiff again, however, that he cannot pursue claims on behalf of Turbo Dynamics Corporation as a *pro se* litigant.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

---

[6] Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

Plaintiff is granted thirty days' leave to file an amended complaint stating claims on behalf of himself of which the Court has subject matter jurisdiction. If Plaintiff fails to file a sufficient amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 8, 2023
       New York, New York

                   /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
              Chief United States District Judge

# <u>Notice For Pro Se Litigants</u>

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No


---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial       Last Name

_____

Street Address

_____

County, City                        State            Zip Code

_____

Telephone Number               Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.