UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE LAVI ON BEHALF OF TURBO DYNAMICS CORPORATION,<br><br>                    Plaintiff,<br><br>         -against-<br><br>SONELGAZ GROUP OF COMPANIES, et al,<br><br>                    Defendants. | 22-CV-7514 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint on behalf of himself and Turbo Dynamics Corporation ("Turbo Dynamics"). By order dated February 8, 2023, the Court dismissed the complaint for failure to state a claim and lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to allege facts to state a claim of which the Court had subject matter jurisdiction. In response to the order, on March 1, 2023, Plaintiff submitted a letter, which the Court liberally construes as an amended complaint. For the reasons set forth in this order, the Court dismisses the action.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's February 8, 2023, order. In short, Plaintiff, who resides in Huntington, New York, in Suffolk County, filed this action on behalf of himself and Turbo Dynamics. He identified himself as the President of Turbo Dynamics and sued the Sonelgaz Group of Companies; National Bank of Algeria in NY City; "OO Cit Bank" NY Office; Deutsch Bank Trust Company in NY; and two residents of Algeria − Nabil Kafi and Sabri Lezhari. (ECF 2, at 1.) Plaintiff did not clearly state the claims that he was bringing but made reference to bribery, criminal activities, and

lawsuits involving the Sonelgaz Group of Companies and various banks resulting in millions of dollars of losses to Turbo Dynamics.

In the February 8, 2023, order, the Court determined that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because, although Plaintiff asserted that Defendants unlawfully harmed him and his company, the complaint did not contain any facts about what occurred or why Plaintiff or Turbo Dynamics was entitled to relief. Further, the Court: (1) dismissed the claims on behalf of Turbo Dynamics because as a *pro se* litigant, Plaintiff could not bring claims on behalf of the corporate entity; (2) treated the complaint as asserting claims solely on behalf of Plaintiff; and (3) held that the Court did not have subject matter jurisdiction of any claims Plaintiff may be bringing individually because there was no federal question jurisdiction; Plaintiff had failed to allege facts plausibly suggesting that he suffered any damages amounting to the one million dollars he sought from Defendants, and he did not plead facts about his citizenship or that of each defendant to establish diversity jurisdiction. In an abundance of caution, however, the Court granted Plaintiff 30 days' leave to allege any facts suggesting that he could assert any claims on his own behalf of which the Court has subject matter jurisdiction.

In the March 1, 2023, letter, which the Court is construing as an amended complaint, Plaintiff does not identify any defendants or assert any claims, but he does make clear that he is bringing claims on behalf of Turbo Dynamics. Plaintiff asserts the following:

> According to documentation I received from Google, a company incorporated in New York City can have a senior executive to represent themselves such as a President or a C-Level Executive.

(ECF 5, at 3.) Plaintiff describes a series of events from 2010 to 2015, relating to contracts between Turbo Dynamics, which manufactured military parts and commercial jet engines, and Sonelgaz and its companies. Plaintiff asserts that in 2010, he went to Algeria and negotiated a

contract between Turbo Dynamics and MEI, a subsidiary of Soneglaz, to ship Mitsubishi parts to Algeria. As part of the contract, Turbo Dynamics posted a performance bond in the amount of $469,000, and a letter of credit was opened. (*Id*. at 1, 5.) In January 2011, Soneglaz appointed Nabil Kafi as President of SPE, another subsidiary of Soneglaz. Once Kafi became President of SPE, he interfered in Turbo Dynamic's contract with MEI, by reducing Turbo Dynamics' bank guarantees and hindering the shipments of parts. (*Id*. at 2.) Kafi also took away other contracts that Turbo Dynamics had previously obtained from Soneglaz and its companies, giving them to his friends, and he undermined Turbo Dynamics' bids for other work. (*Id*. at 2, 5.) As a result of Kafi's and Soneglaz's actions, Turbo Dynamics sustained substantial losses. (*Id.* at 5.) Plaintiff attaches to the amended complaint a ledger of sums owed to Turbo Dynamics stemming from its relationship with Soneglaz and its companies, amounting to $159,453,000. (*Id*. at 10.)

## DISCUSSION

Plaintiff brings this action on behalf of Turbo Dynamics, contending that as President of Turbo Dynamics, he may represent the corporate entity. As explained in the Court's February 8, 2023, order, the statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and

other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not allege that Turbo Dynamics is a sole proprietorship. Because a corporation must appear through licensed counsel, Plaintiff has no standing to sue for wrongs to Turbo Dynamics.[1] *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"); *Doré v. Wormley,* 690 F.Supp.2d 176, 185-86 (S.D.N.Y.2010) (rejecting individual standing on behalf of an entity). As Plaintiff alleges no facts suggesting that he seeks to assert claims in his individual capacity of which the Court has subject matter jurisdiction, the Court dismisses this action for lack of standing without prejudice to any claims Turbo Dynamics may have.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

---

[1] Plaintiff has been advised in prior actions that, as a non-attorney, he cannot bring claims on behalf of corporate entities, including Turbo Dynamics. *See, e.g., Lavi et al. v. DWS*, No. 22-CV-7501 (LTS) (S.D.N.Y. Oct. 7, 2022) (ECF 4) (explaining that "a *pro se* plaintiff cannot represent a corporation, even if he is the sole member or shareholder of that corporation"); *Lavi v. Bank Negara Indonesia*, No. 22-CV-6000 (VSB) (S.D.N.Y. Sept. 20, 2022) (ECF 6) ("Plaintiff purports to bring this complaint on his own behalf and on behalf of his company, Turbodynamics Corporation. As a *pro se* litigant, however, Plaintiff cannot act on behalf of another.").

## CONCLUSION

The Court construes Plaintiff's March 1, 2023, letter (ECF 5) as an amended complaint. For the reasons stated in this order, this action is dismissed for lack of standing. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 30, 2023
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge